# CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "Agreement") is made and entered into as of the Agreement's full execution date by and between Kitchen Winners NY Inc. ("Kitchen Winners"), Adorama Inc. ("Adorama") and Rock Fintek LLC ("Rock Fintek"). Kitchen Winners, Adorama and Rock Fintek is each referred to as a "Party" and are collectively referred to herein as the "Parties."

## RECITALS

**WHEREAS**, the Parties are parties to litigation in the United States District Court for the Southern District of New York, Civil Action No. 22-cv-05276-PAE (the "Litigation"), in which Kitchen Winners has asserted claims for damages against Rock Fintek, and Rock Fintek has asserted claims for damages against Kitchen Winners and Adorama;

**WHEREAS**, the Parties all deny any wrongdoing or liability in the Litigation to one another;

**WHEREAS**, by entering into this Agreement, the Parties desire to avoid the expense, time, inconvenience and uncertainty of the Litigation and desire to resolve their dispute and any claims that were or could have been asserted in the Litigation, as set forth herein;

**NOW, THEREFORE**, in consideration of the promises, mutual covenants, and releases contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## SETTLEMENT TERMS

1. **Settlement Payments**:

    a. Adorama shall pay Rock Fintek a sum of One Hundred Thousand Dollars ($100,000.00), as follows:

        i. Fifty Thousand Dollars ($50,000.00) within three (3) business days of the full execution of this Agreement;
        ii. Twenty-Five Thousand Dollars ($25,000.00) within thirty (30) calendar days of the payment in Paragraph 1.a.i;
        iii. Twenty-Five Thousand Dollars ($25,000.00) within thirty (30) calendar days of the payment in Paragraph 1.a.ii.

    b. Adorama shall pay Kitchen Winners a sum of One Hundred Thousand Dollars ($100,000.00), within twenty-four (24) months of the full execution of this Agreement.

2. **Dismissal of the Litigation**. Within five (5) business days of the full execution of this Agreement, counsel for Kitchen Winners shall file a joint stipulation of dismissal with prejudice of the Litigation in the form attached as Exhibit A hereto.

3. **Non-Disparagement**. The Parties agree that following the execution of this Agreement, they will not make any false, defamatory or derogatory statements to any person or entity (including but not limited to orally, in Internet-based chat rooms, message boards, blogs, web pages and/or any similar medium) regarding one another or any Party's directors, officers, members, managers, partners, employees, affiliates, agents or representatives. This includes false, defamatory and/or derogatory statements to any person or entity regarding the business affairs, financial condition, or professional services or capabilities of any of the Parties. Notwithstanding the foregoing, nothing in this Section is intended, nor shall it be interpreted, as prohibiting any Party from testifying truthfully at any deposition, trial or other proceeding at which they are called upon to give truthful testimony.

4. **Confidentiality**. The Parties acknowledge that the terms of this Agreement are forever to be kept strictly confidential and that they shall not, individually or through their attorneys or other representatives, or those acting on their behalf in any manner disclose or divulge to any third party the financial terms and conditions of this Agreement, and the discussions that led up to it, except as required for tax reporting purposes, as ordered by subpoena and/or court decree or as necessary to enforce the terms of this Agreement and/or legal, financial or tax advisors, provided said advisor(s) have agreed to be bound by the provisions of this paragraph to make no further disclosure, *provided however,* that the Parties may advise others, if asked, that the Litigation and/or matters related to the Litigation were amicably resolved.

5. **Violation of Paragraphs 3 & 4.** The Parties agree that any material violation of the Non-Disparagement and Confidentiality provisions set forth in Sections 3 and 4, respectively, of this Agreement will cause irreparable reputational harm and injury and shall entitle the non-violating party to obtain injunctive relief in addition to all legal remedies, without showing or proving any actual damage and without any bond being required to be posted. In the event that a Party successfully obtains relief from a court of competent jurisdiction as a result of any other Party's breach of Paragraphs 3 and/or 4 of this Agreement, the breaching Party shall pay reasonable costs of enforcement incurred by the other Party, including reasonable attorneys' fees.

6. **Releases**.

Effective upon Rock Fintek's receipt of the Settlement Payment, Rock Fintek, on behalf of itself and each of its parents, subsidiaries, affiliates, principals, successors and assigns, directors, officers, representatives, insurers, attorneys, shareholders, members, agents, and/or employees hereby unconditionally and fully releases and forever discharge Adorama and Kitchen Winners, together with their successors and assigns, representatives, employees, attorneys, agents and/or guarantors from any and all claims, counterclaims, actions, causes of action, damages, costs, expenses, losses, and liabilities, whether in law or equity, of any nature whatsoever, whether known or unknown, suspected or unsuspected, accrued or not accrued, fixed or contingent, growing or arising out of, or that now exists or has ever existed, from the beginning of time through the full execution of this Agreement, with the exception of the obligations set forth in this Agreement.

Effective upon the full execution of this Agreement, Adorama and Kitchen Winners, each on behalf of itself, its parents, subsidiaries, affiliates, principals, successors and assigns, directors,

officers, representatives, insurers, attorneys, shareholders, members, agents, and/or employees, hereby unconditionally and fully releases and forever discharges Rock Fintek, together with its parents, subsidiaries, affiliates, principals, successors and assigns, directors, officers, representatives, attorneys, shareholders, members, managers, agents, and/or employees from any and all claims, counterclaims, actions, causes of action, damages, costs, expenses, losses, and liabilities, whether in law or equity, of any nature whatsoever, whether known or unknown, suspected or unsuspected, accrued or not accrued, fixed or contingent, growing or arising out of, or that now exists or has ever existed, from the beginning of time through the full execution of this Agreement, with the exception of the obligations set forth in this Agreement.

Effective upon Kitchen Winners's receipt of the Settlement Payment, Kitchen Winners, each on behalf of itself, its parents, subsidiaries, affiliates, principals, successors and assigns, directors, officers, representatives, insurers, attorneys, shareholders, members, agents, and/or employees, hereby unconditionally and fully releases and forever discharges Adorama, together with its parents, subsidiaries, affiliates, principals, successors and assigns, directors, officers, representatives, attorneys, shareholders, members, managers, agents, and/or employees from any and all claims, counterclaims, actions, causes of action, damages, costs, expenses, losses, and liabilities, whether in law or equity, of any nature whatsoever, whether known or unknown, suspected or unsuspected, accrued or not accrued, fixed or contingent, growing or arising out of, or that now exists or has ever existed, from the beginning of time through the full execution of this Agreement, with the exception of the obligations set forth in this Agreement.

7.    **Attorneys' Fees and Costs**. The Parties shall each assume and bear their own attorneys' fees, expenses, and costs, including fees incurred as a result of or in connection with the claims asserted in the Litigation through the date of the full execution of this Agreement.

8.    **Representations and Warranties**. Each of the Parties represents and warrants that: (a) it has the power and authority to enter into this Agreement and to take the actions required under this Agreement, and that the execution, delivery, and performance of this Agreement has been duly authorized by all necessary action; (b) it has not assigned or transferred any of the claims being released pursuant to this Agreement; and (c) it has obtained all necessary third-party consents or approvals required in order for it to enter into and perform this Agreement.

9.    **Voluntary Agreement and Advice of Counsel**. Each Party agrees and acknowledges that it has (a) thoroughly read and fully understands this Agreement and (b) received or had an opportunity to receive independent legal advice from attorneys of its own choice with respect to the advisability of entering into this Agreement and the rights and obligations created by this Agreement. Each Party enters into this Agreement knowingly and voluntarily, in consideration of the promises, obligations, and rights set forth herein.

10.   **Entire Agreement**. Except as expressly provided herein, this Agreement sets forth the entire understanding and agreement between the Parties regarding this Agreement and shall be binding upon the Parties and each of their successors and assigns, if any. Except as expressly provided in this Agreement, all prior negotiations, representations, discussions, agreements, and understandings concerning this Agreement are superseded hereby and no oral statement or prior written material not specifically incorporated herein shall be of any force or effect. The doctrine

that an agreement may be construed against its drafter shall not apply to any construction of this Agreement.

11. **Survival**. All warranties, representations, indemnities, covenants, and other agreements made herein shall survive the execution and delivery of this Agreement.

12. **Modification; Waiver**. No modification, amendment, alteration, revision, termination, change, or waiver of any provision of this Agreement shall be effective unless it is in writing and signed by all Parties and expressly refers to this paragraph. The Parties waive any common law, statutory, or other right they may have to modify or waive, by oral agreement or conduct, any part or all of this Agreement. Any Party's failure at any time to enforce any of the provisions of this Agreement shall in no way be construed as a waiver of such provisions and shall not affect such Party's right thereafter to enforce each and every provision hereof in accordance with its terms.

13. **Further Documents**. The Parties agree to execute and deliver all such other and additional documents or instruments, and perform all such acts, in addition to execution and delivery of this Agreement and performance of the Parties' obligations hereunder, as are reasonably required from time to time to carry out the purposes of this Agreement.

14. **Enforcement; Choice of Law and Venue**. The Parties agree that this Agreement will be governed and construed under the laws of the State of New York without regard to the conflict of laws principles of any state. Any action to enforce the terms of this Agreement shall be brought in the state courts in New York County, New York.

The Parties further agree and acknowledge that this Agreement constitutes an instrument for payment of money within the meaning of CPLR 3213. In the event that Adorama defaults on its payment obligations to Rock Fintek under Paragraphs 1a(i-iii), and fails to cure such default within seven (7) calendar days of email Notice of the default, Adorama shall pay to Rock Fintek as damages a sum of One Hundred Sixty-Five Thousand Dollars ($165,000.00) set off only by any settlement payments already made under this Agreement. In the event of such default and failure to cure, Rock Fintek shall have the right to file a notice of an unopposed motion for summary judgment in lieu of a complaint pursuant to CPLR 3213 in New York Supreme Court, supported by this Agreement as definitive proof of Adorama's payment obligations. Adorama agrees to accept service of process of any such summary judgment motion in lieu of a complaint through its counsel pursuant to the Notice provision in Paragraph 15 below.

15. **Notices.** Any notices required or permitted under this Agreement shall be given as follows:
    If to Adorama:
    c/o Avram E. Frisch, Esq.
    Frischa@avifrischlaw.com

    If to Kitchen Winners:
    c/o Alexander J. Sperber
    asperber@lipsiuslaw.com

Case 1:25-cv-06986-PAE    Document 7-3    Filed 09/04/25    Page 5 of 6

> If to Rock Fintek:
> c/o Phillip Rakhunov
> prakhunov@psdfirm.com

16. **Binding Effect**. This Agreement inures to the benefit of, and is binding upon, the Parties and their respective successors and assigns.

17. **Severability**. If any provisions of this Agreement are determined to be invalid or unenforceable for any reason, such determination will not affect the validity of the remainder of the Agreement, including any other provision of the Agreement. If a court finds that any provision of this Agreement is invalid or unenforceable, but that modification of such provision will make it valid or enforceable and not materially alter the Agreement, then such provision will be deemed to be so modified.

18. **Waiver**. The waiver by any Party of a breach by another Party of any provision of this Agreement will not operate or be construed as a waiver of any subsequent or different breach by the Party.

19. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute the same Agreement. This Agreement may be executed by electronic mail, or by any other electronic means and will be deemed to constitute effective execution of this Agreement and shall be sufficient to bind the Parties to the terms and conditions of this Agreement.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement on the dates appearing below their names:

**Kitchen Winners NY Inc.**

By: _____

Printed: _____

Title: _____

Date: _____

**Adorama, Inc.**

By: _____

Printed: _____

Title: _____

Date: _____

**Rock Fintek LLC**

By: _____

Printed: _____

Title: _____

Date: _____