**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROCK FINTEK LLC,

*Plaintiff,*

vs.

ADORAMA INC., and KITCHEN WINNERS NY INC,

*Defendants.*

Civil Action No.
1:25-cv-06986-PAE

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ROCK FINTEK'S AMENDED COMPLAINT**

THE LAW OFFICE OF AVRAM E. FRISCH LLC

Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
*Attorneys for Defendant, Adorama, Inc.*

# *Table of Contents*

| Section | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| FACTS | 2 |
| A. Background of Prior Litigation | 2 |
| B. Settlement Negotiations and Open Issues | 3 |
| ARGUMENT | 4 |
| A. Standard on Motion to Dismiss | 5 |
| B. Failure to State a Claim for Breach of Settlement Agreement | 6 |
| CONCLUSION | 7 |

## PRELIMINARY STATEMENT

Defendant, Adorama, Inc. moves to dismiss Plaintiff Rock Fintek's amended complaint alleging breach of a settlement agreement between the parties.  As is clear from the Complaint itself, Plaintiff and Adorama never reached agreement on material terms, and the prior action between the parties was dismissed with prejudice by the Court upon the passage of 30 days from the date of the dismissal order, by its terms.  As such, there is no basis to enforce the alleged settlement agreement, which was merely close to completion, but not finalized.

## FACTS

This action arises out of a larger litigation that was dismissed pursuant to a 30 day order on March 3, 2025.  *See Kitchen Winners NY Inc. v. Rock Fintek LLC,* 1:22-cv-05276 (the "Settled Action"), at ECF #207[1].  As set forth in the 30 day order, the case was initially dismissed without prejudice with any party having the right to ask the Court to reinstate the matter if a final settlement was not reached.  The Court indicated that the matter had "been settled in principal."  The Plaintiff failed to provide a draft agreement for almost the entire 30 day period, and when it finally did, the agreement contained provisions that were rejected by the Defendants.  *See Frisch Declaration, Exh. A-B.*

As set forth in the exhibits the amended complaint, the primary issue of concern to the parties was a mechanism for summary enforcement of the settlement agreement's payment terms.  *See Am. Compl. Exh. A.*  The Plaintiff had initially requested the execution of a confession of judgment to be held in escrow by the Plaintiff's counsel, but Adorama refused to agree to that term.  Adorama offered to have the Court retain jurisdiction, which Rock Fintek decided it did not

---

[1] Adorama asks that the Court take judicial notice of the proceedings before the Court in the Settled Action pursuant to Fed. R. Evid. 201 as the facts of the prior action "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

want to do.

Ultimately, a month later, Rock Fintek proposed that it could file a motion for summary judgment in lieu of complaint in New York State Supreme Court pursuant to NY CPLR §3213 and that Adorama would be prohibited from opposing same. Am. Compl. Exh. C at ¶14. When this agreement was proposed, it was sent subject to the proviso that it had not yet been approved by Rock Fintek. *See Frisch Exh. B*. After waiting several days for confirmation that the agreement was in fact approved by the Plaintiff, Adorama indicated that it was rejecting the terms because it could not agree to the enforcement mechanism, which was essentially identical to the previously rejected confession of judgment. Kitchen Winners ultimately raised objections as well to the terms of the proposed release language.

Notably, the enforcement mechanism had always been an open issue, and the release language contained terms that were not agreed to in the parties' emails on February 28. Rather than send a different mechanism, or respond to Kitchen Winners at all, Mr. Rakhunov simply emailed back that 'then we have a problem." The parties thus never reached any agreement on the material terms of the Agreement. As is clear from Exhibit A of the Amended Complaint, Plaintiff believed that the enforcement mechanism was a material term. Similarly, the Court understood the open issues when it was informed of the settlement in principal. *See* Frisch Exh. C – March 3, 2025 Tr.

## **ARGUMENT**

### A. **STANDARD ON MOTION TO DISMISS**

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This means, for example, that a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

In applying this standard, the Court accepts as true all well-pleaded factual allegations but does not credit "mere conclusory statements" or "threadbare recitals of the elements for a cause of action." *Iqbal*, 556 U.S. at 662 (citing *Twombly*, 550 U.S. at 555). Although the Court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.  The Court may also take judicial notice of facts pursuant to Fed. R. Evid. 201 on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  "Under Fed. R. Evidence R. 201, the Court takes judicial notice of this fact as it is readily ascertainable from a reliable source, and generally known within the District." *Style Stitch, Inc. v. Avyan Grp., LLC, No. 1:23-cv-10701 (MKV), 2024 U.S. Dist. LEXIS 141550, at \*10 n.4 (S.D.N.Y. Aug. 7, 2024)* Citing  *Williams v. New York City Hous. Auth.,* 816 F. App'x 532, 534 (2d Cir. 2020).

"In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint. Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005) citing Int'l Audiotext Network v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).  The Plaintiff's complaint omits numerous communications about the negotiations, but relies on their existence to

establish the claim that a binding settlement agreement was reached.

Under these standards, Rock Fintek's amended complaint must be dismissed as to Adorama[2].

## B.  NEW YORK LAW GOVERNS THIS DISPUTE

"In a diversity action, the choice of law analysis is based on the forum state's choice of law rules."  Internet Mgmt. Info. Sys. v. Hanes Morgan & Co., 98 CIV. 6758 (DLC), 2000 U.S. Dist. LEXIS 1509, at *7 (S.D.N.Y. Feb. 16, 2000) (internal citation omitted).  "In contract cases, New York courts now apply a "center of gravity" or "grouping of contacts" approach.  Under this approach, courts may consider a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties."  Brink's Ltd. v. S. African Airways, 93 F.3d 1022, 1030-31 (2d Cir. 1996) (internal citation omitted).

The parties' prior agreement provided that any dispute between the parties will be governed by New York law.  The settlement terms were to be bound by New York law as the settlement was to resolve a case pending in the State of New York and two of the three parties to it were from New York.  There is no other forum with significant contacts to the dispute, and the negotiations largely occurred within the State of New York.  Under this analysis, New York law clearly applies in this action.

## C.  THE CAUSES OF ACTION FOR BREACH OF CONTRACT MUST BE DISMISSED AS TO DEFENDANT ADORAMA

Rock Fintek has asserted two causes of action for breach of contract, one against Adorama

---

[2] As the amended complaint fails to set forth any breach by Kitchen Winners Ny Inc. it should also be dismissed as to that party.

4

and one against Kitchen Winners.  As there simply was no meeting of the minds on the settlement terms, specifically how to enforce the settlement in the event of a breach, there is no contract to enforce.  While Plaintiff may think it was left without a remedy, the Court's March 3, 2025 order permitted the Plaintiff to seek to reopen the matter and have it re-listed for trial.  Due to the Plaintiff's own errors, that simply did not occur, but that does not change the fact that no agreement was reached.

"Deciding whether the parties intended to be bound in the absence of a writing requires us to consider (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." Powell v. Omnicom, 497 F.3d 124, 129 (2d Cir. 2007) (internal citation omitted).

The parties expressly contemplated a written agreement, which was never finalized.  This is especially significant in this case, as New York law generally requires a writing to settle a lawsuit.  *See* CPLR 2104.  Whether CPLR 2104 is binding in this case is an open question, *see Clark v. Gotham Lasik, PLLC, 2012 U.S. Dist. LEXIS 40290, at *11 (S.D.N.Y. Mar. 2, 2012)* for a lengthy analysis, the existence of CPLR 2104 does suggest that settlement agreements are typically in writing.  *See id*.

While the action was dismissed, initially without prejudice, it was not partially performed.  The dismissal was without prejudice and the Court contemplated reinstating the matter if the settlement was not finalized.

It is also undisputed that the parties had not reached agreement on material terms of the settlement.  The Court reflected on that in its colloquy with the parties setting out 30 days to reach

a final agreement or to restore the matter. In fact, the Court indicated that if the parties failed to reach an agreement, it would be difficult to find a new block of seven days to try the case. Clearly, the Court understood that the agreement was not final. In fact, the stumbling block was the issue raised at the hearing, whether the Court would retain jurisdiction to enforce the agreement or to agree on some other mechanism for rapid enforcement of the agreement. Rock Fintek declined to make the settlement terms public, and thus declined the offer of Adorama to agree to have the Court enforce the agreement.

Despite promises from Rock Fintek's counsel to work expeditiously on the agreement, the agreement was not tendered until a few days prior to the thirty day deadline. It was rejected by both of the Defendants, and specifically due to the enforcement provision contemplated by Rock Fintek. When this was rejected, Mr. Rakhunov wrote back that "then we have a problem," but never proposed an alternative or sought to proceed without the enforcement mechanism. Mr. Rakhunov also reflected to Mr. Sperber that "Frankly, my biggest concern is the enforcement provision as to Adorama." There is no doubt that the parties never reached agreement on the enforcement mechanism. In fact, during the negotiations, this was

"If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract." Cobble Hill Nursing Home, Inc. v. Henry & Warren Corp., 74 N.Y.2d 475, 482, 548 N.Y.S.2d 920, 923, 548 N.E.2d 203, 206 (1989). The disputed term was not a minor issue, and the parties never reached agreement.

### D. Conclusion

In summary, the record demonstrates that no enforceable contract was formed between the parties due to the lack of agreement on essential terms, particularly the enforcement mechanism. New York law requires certainty in material terms and generally mandates a writing for settlement

agreements, which was not achieved in this case. As such, the causes of action for breach of contract against Adorama must be dismissed.

Dated: Hackensack, NJ
       October 9, 2025

                     THE LAW OFFICE OF AVRAM E. FRISCH LLC

                         /s/ Avram E. Frisch
                       Avram E. Frisch, Esq.
                       1 University Plaza, Suite 119
                       Hackensack, NJ 07601
                       201-289-5352
                       frischa@avifrischlaw.com
                       *Attorneys for Defendant, Adorama, Inc.*