**Exhibit C**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

KITCHEN WINNERS NY INC.,

            Plaintiff,                    New York, N.Y.

        v.                                22 CV 5276 (PAE)

ROCK FINTEK, LLC,

            Defendant.

------------------------------x           Teleconference

                                          March 3, 2025
                                          2:00 p.m.
Before:

        HON. PAUL A. ENGELMAYER,

                                          District Judge


                    APPEARANCES


LIPSIUS-BENHAIM LAW, LLP
     Attorneys for Plaintiff
BY:  ALEXANDER SPERBER
     YISROEL STEINBERG

AVRAM FRISCH
     Attorney for Third Party Defendant Adorama, Inc.


POLLACK SOLOMON DUFFY, LLP
     Attorneys for Defendant Rock Fintek LLC
BY:  PHILLIP RAKHUNOV
     JOHN YOKOW
```

| | |
|---|---|
| 1 | THE COURT:  Good afternoon.  This is Judge Engelmayer |
| 2 | calling the case of Kitchen Winners New York Inc. v. Rock |
| 3 | Fintek LLC, docket no. 22 CV 5276. |
| 4 | Who do I have for the plaintiff Kitchen Winners New |
| 5 | York Incorporated? |
| 6 | MR. SPERBER:  Good afternoon, your Honor.  This is |
| 7 | Alexander Sperber of Lipsius-Benhaim.  I'm here with my |
| 8 | associate Israel Steinberg. |
| 9 | THE COURT:  Mr. Sperber, will you be taking the lead |
| 10 | for Kitchen Winners? |
| 11 | MR. SPERBER:  That's correct, yes, your Honor. |
| 12 | THE COURT:  Who do I have for Adorama, Inc.? |
| 13 | MR. FRISCH:  Good afternoon.  Avram Frisch, The Law |
| 14 | Office of Avram Frisch, on behalf of Adorama, Inc. |
| 15 | THE COURT:  Very good.  Who do I have for Rock Fintek |
| 16 | LLC? |
| 17 | MR. RAKHUNOV:  Philip Rakhunov here on behalf of Rock |
| 18 | Fintek.  I have attorney Yokow with me as well, and I will be |
| 19 | taking the lead. |
| 20 | THE COURT:  Good afternoon to you as well.  Thank you |
| 21 | for your service. |
| 22 | Let me just confirm, is anybody else on this phone |
| 23 | line other than the people who have identified themselves to me |
| 24 | and my staff who is with me? |
| 25 | All right.  This conference is to memorialize, I |

|   |   |
|---|---|
| 1 | expect, the fact of a settlement agreement having been reached |
| 2 | by the parties.  Insofar as the sole subject of the conference |
| 3 | will be to discuss settlement, this is appropriately a |
| 4 | conference to which the public is not given access.  Therefore, |
| 5 | the transcript of this proceeding is to be maintained under |
| 6 | seal.  It is to be accessible only to the Court and to the |
| 7 | lawyers who have appeared on behalf of the three parties who |
| 8 | introduced themselves through counsel earlier. |
| 9 | So, I had originally scheduled our gathering today to |
| 10 | be a final pretrial conference.  We had a productive settlement |
| 11 | conference in person with the parties and counsel last |
| 12 | Wednesday.  I made a mediator's proposal and sought up or down |
| 13 | responses from each side by 5 p.m. on Friday.  And shortly |
| 14 | after 5 p.m., I received the very welcome e-mail which I'm |
| 15 | about to read from Mr. Rakhunov which reads:  "Dear Judge |
| 16 | Engelmayer, I am glad to report that the parties have reached a |
| 17 | private, confidential settlement in principle among them, |
| 18 | different from the mediator's proposal, which has been |
| 19 | memorialized in a written term sheet.  The settlement will be |
| 20 | effective upon the execution of a settlement agreement without |
| 21 | any external contingency.  The parties sincerely thank the |
| 22 | Court for the mediation effort this week which was instrumental |
| 23 | to the settlement, and respectfully request that the March 10 |
| 24 | trial be taken off the calendar, and that Monday's appearance |
| 25 | be converted to a remote appearance in light of travel |

1    requirements.  All parties agree to appear remotely on Monday.
2    Again, we really appreciate the Court's intervention in this
3    matter.  Respectfully, Phil."
4            So Mr. Rakhunov, thank you for that welcome news and
5    also for touching all the bases as you did in your e-mail to
6    me.  I'll direct myself in the first instance to Mr. Rakhunov
7    and I'll ask as usual in a phone call that nobody interject,
8    although I'll give everybody an opportunity to speak.
9            So Mr. Rakhunov, as of Friday there had been a written
10   term sheet.  Is there an expected date which a settlement
11   agreement will be executed?
12           MR. RAKHUNOV:  So thank you, your Honor.  So before I
13   answer your question directly, so the parties have tweaked,
14   just so the Court is aware, we have tweaked a couple of terms
15   over the ensuing date days.  Nothing has changed in terms of us
16   having an agreement.  But we have, just to be completely
17   accurate, there have been a couple of tweaks to the term sheet
18   that was in place on Friday.  But we do have a term sheet, so
19   the e-mail is accurate.  Just there are a couple of tweaks to
20   it since then.
21           The expectation, I don't think we've discussed the
22   specific date, but my intention is to put together a very
23   simple and straightforward settlement agreement in the next few
24   days and circulate it to counsel and just to get it done as
25   reasonably expeditious as possible.  But we hadn't discussed a

1  specific date by which it would be done.  But again, my
2  intention is to get this finalized promptly.
3              THE COURT:  Okay.  Mr. Rakhunov, my usual practice,
4  consistent with what most of my colleagues do, is when we get
5  notified of an agreement in principle but there isn't a fully
6  memorialized settlement yet, I'll usually issue what is by
7  shorthand referred to as a 30-day order.  And the order
8  essentially dismisses the case without prejudice to the right
9  of any party to move to reopen it within 30 days, and that way,
10 in the event that, as unlikely as it would seem, something
11 falls apart between the term sheet and the written agreement,
12 you are not out of luck, but it puts the onus on the parties to
13 get going with the drafting.
14             Mr. Rakhunov, does that make sense to you as the right
15 process for me to follow in response to your news?
16             MR. RAKHUNOV:  Yes, but with a modification.
17 Absolutely makes sense as far as the drafting of the settlement
18 papers.  One of the terms that the parties have discussed does
19 require your Honor's indulgence.  And one of the things, there
20 is a payment obligation in the settlement that flows from
21 Adorama to Rock Fintek.  There are terms, there are three
22 payments staggered, and one of the issues that we discussed and
23 agreed upon is asking your Honor to retain jurisdiction to, in
24 the event that there is a default, which we hope there wouldn't
25 be.  But in the event there is a default, have your Honor

1  retain jurisdiction to enforce the settlement agreement
2  essentially upon a letter motion.  So it would be akin to a
3  consent judgment or a confession of judgment, but since your
4  Honor has worked so hard on this case, we thought it would make
5  sense to ask you to build that into the process.
6          So the first part 30 days is more than enough for us
7  to finalize the settlement, but with the Court retaining
8  jurisdiction over this case to enforce the settlement if there
9  is a payment default.
10         THE COURT:  So thank you, Mr. Rakhunov.  Let me
11 continue with you and then I'll broaden it out to others, and
12 that makes perfect sense and that's a familiar thing.
13         These are really two distinct issues, right.  I mean,
14 one issue is the notion you would have 30 days in which to
15 execute your agreement, and if after 30 days have passed I
16 haven't heard anything, the case will be dismissed with
17 prejudice.
18         The separate issue, though, is whether I am retaining
19 jurisdiction to enforce the settlement agreement, as opposed to
20 what the alternative would be, which is that if there is a
21 settlement agreement and somebody feels it's been breached,
22 like any contract, you can go into a court with jurisdiction to
23 sue on the contract.  I'm delighted to do that.
24         The one legal requirement here is that if you want me
25 to retain jurisdiction, the settlement agreement has to be

1   publicly filed.  Obviously personally identifiable information
2   or things of that ilk, that's fine to redact.  But the basics,
3   the who gets what from whom, that stuff is to be publicly
4   filed.  That's the requirement for my retaining jurisdiction.
5           You don't need to decide that today.  That's all for
6   you to decide.  Either way, you have got a settlement
7   agreement.  I fully appreciate the value of having me as a
8   person you know and hopefully trust, and in any event has
9   familiarity with the case being the judge who has jurisdiction.
10  It gives you a place to go and a place to get quick relief
11  rather than somebody having to file a complaint.  So I'm
12  delighted to do that and delighted to be of service, but what
13  goes with that is the agreement, subject to things like
14  personally identifiable information, is publicly available.
15          Mr. Rakhunov?
16          MR. RAKHUNOV:  Thank you, your Honor.  I think as you
17  just suggested, we don't have to decide that right this moment,
18  so I think we can work that out among counsel.  But otherwise
19  we're fine with the 30 days, 30-day order make sense.
20          THE COURT:  That doesn't tie your hand as to the
21  decision whether or not to have me retain jurisdiction.  I am
22  just notifying you of what goes with that.  But again, happy to
23  do it, and at this point I having gotten to know you and your
24  clients, and would be very happy to be part of a solution here.
25  And to the extent it is of comfort to know that a judge who has

1   taken interest in the case will be there promptly to enforce an
2   alleged breach or corral somebody who is being non-compliant,
3   I'm happy to do that.
4          Let me just confirm, just on the 30-day order motion,
5   not otherwise, that the others are okay with that.
6          Mr. Sperber?
7          MR. SPERBER:  Yes, your Honor, Kitchen Winner is
8   agreeable to the 30-day order that the Court proposed.
9          THE COURT:  And Mr. Frisch, same?
10         MR. FRISCH:  Yes, your Honor.
11         THE COURT:  Okay.  Good.  And look, Mr. Sperber, I
12  don't solicit your comment now because you'll want to talk with
13  your client and the other parties, but you understand the
14  notion that if you all want me to retain jurisdiction, the
15  agreement has to be a publicly document?
16         MR. SPERBER:  Yes, your Honor.  We'll speak with
17  Mr. Rakhunov to try to resolve any issues in that regard.
18         THE COURT:  Very good.  And Mr. Frisch, you understand
19  that as well?
20         MR. FRISCH:  Yes, your Honor.
21         THE COURT:  Let me just confirm with each of you
22  before we finish the call that the terms in the term sheet are
23  acceptable to each of your clients.  It's implicit of course,
24  but I need to just be sure.
25         Mr. Rakhunov?

1                MR. RAKHUNOV:  Yes, your Honor.

2                THE COURT:  Mr. Sperber?

3                MR. SPERBER:  Confirmed your Honor.

4                THE COURT:  And Mr. Frisch?

5                MR. FRISCH:  Confirmed.

6                THE COURT:  Very good.  What I will do is shortly
7    after this call issue an order that cancels all dates,
8    including the trial date, and that in the form of a standard
9    30-day order that basically says the case will be dismissed
10   with prejudice after the 30th day unless a party seeks to have
11   the case reactivated.  I sure hope you don't, but that is
12   necessary, just because from time to time something happens in
13   between the term sheet and the full agreement.

14               From experience I'll urge you, though, to jump on this
15   promptly.  The more things marinate, the more somebody thinks
16   twice about something and messes stuff up.  I've oriented my
17   schedule at least subject to the mediator's proposal to have
18   trial next week and cleared out a bunch of space.  I would be
19   unhappy to find myself in a position where we now have to find
20   a new home for a seven-day trial, and I'm sure the same would
21   be true for most everyone on this call.  So, my strong friendly
22   advice to you is try to get the settlement agreement done this
23   week while you've got the momentum.

24               I don't have anything else on the record.  Before I
25   excuse the court reporter, let me just go around the horn to

1   see if anyone else has anything to raise.  Mr. Sperber?

2            MR. SPERBER:  No, your Honor.  I just wanted to thank

3   the Court for its assistance in this matter.  I do think that

4   the Court's assistance at mediation in particular was very much

5   instrumental in getting this done.  So, we thank you.

6            THE COURT:  Mr. Frisch?

7            MR. FRISCH:  Same, your Honor, I have the same

8   thoughts.

9            THE COURT:  Okay.

10           MR. FRISCH:  Nothing else.

11           THE COURT:  Mr. Rakhunov, anything further?

12           MR. RAKHUNOV:  No.  Just again thank you for your

13  assistance, your Honor.  Glad we were able to get this

14  resolved.

15           THE COURT:  Very good then.  I am going to excuse the

16  court reporter and just stay on the line with you all for a

17  minute or two.

18           For the purposes of the transcript, the conference is

19  adjourned.

20           (Adjourned)

21

22

23

24

25