**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROCK FINTEK LLC,

*Plaintiff.*

v.

ADORAMA INC., and KITCHEN
WINNERS NY INC.,

*Defendants.*

Civil Action No. 25-cv-6986-PAE

---

**MEMORANDUM OF LAW IN SUPPORT OF KITCHEN WINNERS NY INC.'S
MOTION TO DISMISS**

---

**LIPSIUS BENHAIM LAW LLP**
*Attorneys for Defendant Kitchen Winners
NY Inc.*
80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
Telephone: (212) 981-8440

*Of Counsel:*

Alexander J. Sperber
Yisroel Steinberg

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT                                                           1

FACTS                                                                          2

   A.  PARTIES                                                   2

   B.  THE PRIOR LITIGATION                                       3

   C.   THIS ACTION                                               5

ARGUMENT                                                                       5

   I.  STANDARD OF REVIEW                                         5

   II.  ROCK FINTEK FAILED TO ALLEGE THE ELEMENTS
      OF A BREACH OF CONTRACT CLAIM AS AGAINST
      KITCHEN WINNERS                                          6

       a.  The Term Sheet Was Unenforceable Because There
         Were Material Terms That Were In Dispute               7

         i.  The Parties Reserved Their Rights                   8

         ii.  There Has Not Been Partial Performance             10

         iii.  There Remain Undecided Terms                    11

         iv.  The Agreement Is the Type That Is Usually Committed
          to Writing                                          13

       b.  Kitchen Winners Did Not Breach the Purported
         Settlement Agreement                                  14

       c.  Rock Fintek Did Not Suffer Any Damages              15

CONCLUSION                                                                    16

## TABLE OF AUTHORITIES

CASES                                                                 PAGE(S)

*Acun v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    852 F. App'x 552 (2d Cir. 2021).                              11, 12

*Ally Fin. Inc. v. Comfort Auto Group NY LLC*,
    No. 20-CV-1281 (MKB), 2021 U.S. Dist. LEXIS 167940
    (E.D.N.Y. Sept. 3, 2021).                                      14

*Alvarez v. City of New York*,
    146 F. Supp. 2d 327 (S.D.N.Y. 2001).                           11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).                                           6

*Attestor Value Master Fund v. Republic of Argentina*,
    940 F.3d 825 (2d Cir. 2019).                                   11

*Barbarian Rugby World, Inc. v. PLR USA Holdings, Inc.*,
    06 Civ. 2652 (JGK) (DF), 2008 U.S. Dist. LEXIS 125131
    (S.D.N.Y. Nov. 18, 2008).                                      13

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).                                           6

*Berris v. Sung-Fung Choi*,
    No. 23-cv-4305 (AS), 2025 U.S. Dist. LEXIS 172741
    (S.D.N.Y. Sept. 4, 2025).                                      8

*Bluelink Mktg. LLC v. Carney*,
    No. 16-CV-7151 (JLC), 2017 U.S. Dist. LEXIS 149890
    (S.D.N.Y. Sept. 15, 2017).                                     13

*Cabrera Capital Mkts., LLC v. Further Lane Sec., L.P.*,
    12 Civ. 2898 (DAB), 2013 U.S. Dist. LEXIS 142608
    (S.D.N.Y. Sept. 25, 2013).                                     8, 9

*Centrans Truck Lines, LLC v. Orient Express Container Co.*,
    No. 1:22-cv-05477 (MKV), 2023 U.S. Dist. LEXIS 146860
    (S.D.N.Y. Aug. 21, 2023).                                      9

*Ciaramella v. Reader's Digest Ass'n*,
    131 F.3d 320 (2d Cir. 1997).                                   9

*De Paz v. Experian Info. Solutions, Inc.*,
 No. 25-cv-2180 (JGK), 2025 U.S. Dist. LEXIS 188335
 (S.D.N.Y. Sept. 19, 2025). ........................................................ 12

*Demand Elec., Inc. v. Innovative Tech. Holdings, LLC*,
 20-CV-02127 (VF), 2023 U.S. Dist. LEXIS 55743
 (S.D.N.Y. Mar. 30, 2023). ........................................................ 6

*DiFolco v. MSNBC Cable LLC*,
 622 F.3d 104 (2d Cir. 2010). ........................................................ 6

*Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*,
 375 F.3d 168 (2d Cir. 2004). ........................................................ 16

*Hallett v. Stuart Dean Co.*,
 481 F. Supp. 3d 294 (S.D.N.Y. 2020). ........................................................ 10

*Johnson v. Fordham Univ.*,
 11 Civ. 4670 (ALC) (MHD), 2015 U.S. Dist. LEXIS 175887
 (S.D.N.Y. Sept. 24, 2015). ........................................................ 9

*Koch v. Christie's Int'l PLC*,
 699 F.3d 141 (2d Cir. 2012). ........................................................ 6

*LiDestri Foods, Inc. v. 7-Eleven, Inc.*,
 No. 17-CV-6146-FPG, 2019 U.S. Dist. LEXIS 216164
 (W.D.N.Y. Dec. 16, 2019). ........................................................ 13

*Mania v. Coffeemania Bryant Park, LLC*,
 No. 5:15-CV-823 (FJS/DEP), 2017 U.S. Dist. LEXIS 124925
 (N.D.N.Y. Aug. 8, 2017). ........................................................ 12

*Marett v. Metro. Transp. Auth.*,
 No. 19-CV-5144 (GBD) (RWL), 2020 U.S. Dist. LEXIS 221867
 (S.D.N.Y. Nov. 24, 2020). ........................................................ 10

*Meltzer v. Stier*,
 15 Civ. 6184 (KPF), 2017 U.S. Dist. LEXIS 182016
 (S.D.N.Y. Nov. 2, 2017). ........................................................ 13

*Mitchell v. PepsiCo*,
 No. 23-CV-445 (JLS) (MJR), 2025 U.S. Dist. LEXIS 1079
 (W.D.N.Y. Jan. 2, 2025). ........................................................ 13

*Powell v. Omnicom*,
 497 F.3d 124 (2d Cir. 2007). ........................................................ 11, 12

*Rivera-Mora v. Corcoran Group Real Estate*,
    No. 19-CV-06515 (AMD) (PK), 2021 U.S. Dist. LEXIS 267333
    (E.D.N.Y. Jan. 25, 2021).                                                 12

*Shtofmakher v. David*,
    14 Civ. 6934 (AT), 2015 U.S. Dist. LEXIS 117209
    (S.D.N.Y. Aug. 17, 2015).                                              14

*Spencer Trask Software & Info. Servs. LLC v. RPost Int'l, Ltd.*,
    383 F. Supp. 2d 428 (S.D.N.Y. 2003).                                 9

*Sprint Commc'ns Co. L.P. v. Jasco Trading, Inc.*,
    5 F. Supp. 3d 323 (E.D.N.Y. 2014).                                   11

*Winston v. Mediafare Entertainment Corp.*,
    777 F.2d 78 (2d Cir. 1985).                                     8, 10, 11, 13

## Sᴛᴀᴛᴜᴛᴇs

Fed. R. Civ. P. § 12                                                       5, 6

## PRELIMINARY STATEMENT

Defendant Kitchen Winners NY Inc. ("Kitchen Winners") hereby submits this memorandum of law in support of its motion to dismiss Rock Fintek LLC's ("Rock Fintek") amended complaint.

This case arises from failed settlement negotiations in a prior lawsuit captioned *Kitchen Winners NY Inc. v. Rock Fintek*, CA No. 22-cv-05276-PAE (the "Prior Action"). In late February 2025, the parties agreed upon a proposed settlement term sheet. Under its terms, Adorama—not Kitchen Winners—would pay Rock Fintek $100,000. **_Kitchen Winners had no payment obligations whatsoever_**. The emails explicitly stated that counsel for Rock Fintek would "draft the settlement papers" and conditioned all of Adorama's payments on "execution of a settlement agreement."

From the beginning, one key material term remained unresolved. Rock Fintek wanted an enforcement mechanism against Adorama, but the parties could not agree upon what that mechanism would be.

The failure to consummate the settlement lies squarely at Rock Fintek's feet. Despite reporting to the Court on March 3, 2025 that the parties had "reached a private confidential settlement in principle," and despite being tasked with drafting the settlement papers, Rock Fintek waited until mere days before the Court's 30-day deadline to provide a draft agreement. Even then, counsel admitted his own client had not yet approved the draft and "therefore reserve[d] the right to make further edits."

Rock Fintek then waited until *after* the Court's deadline had expired to inquire whether opposing counsel had comments. When Kitchen Winners promptly responded with specific substantive comments, Rock Fintek ignored every one of those concerns, dismissively responding

only that its "biggest concern" was the enforcement mechanism against Adorama. Counsel never responded to Kitchen Winners' comments or provided a revised draft.

Simply put, the parties never executed a settlement agreement. Now, months later, Rock Fintek is suing Kitchen Winners seeking to enforce settlement terms that were never finalized, against a party that (a) owed it nothing under those terms; and (b) breached nothing. Rock Fintek's breach of contract claim against Kitchen Winners fails on every element.

First, there was no enforceable contract. The parties' correspondence expressly conditioned performance on execution of a written agreement, and a critical term—Rock Fintek's enforcement mechanism against Adorama—remained unresolved despite Rock Fintek's acknowledgment that it was a "problem" and its "biggest concern."

Second, Kitchen Winners did not breach any obligation of the parties' proposed agreement. In fact, Rock Fintek does not and cannot even identify what provision Kitchen Winners allegedly breached.

Finally, Rock Fintek suffered no damages from Kitchen Winners, which had no payment obligations under the proposed agreement and is not alleged to have violated any release, confidentiality, or non-disparagement provision.

For these reasons, and those set forth below, Kitchen Winners respectfully requests that the Court dismiss Rock Fintek's breach of contract claim against it in its entirety.

## FACTS

### A. PARTIES

Plaintiff Rock Fintek LLC ("Rock Fintek") is a Delaware limited liability company with its principal place of business in Miami Beach, Florida. (Amended Complaint at ¶2.)

Defendant Adorama Inc. ("Adorama") is a New York corporation with its principal place of business located in New York City.  (Amended Complaint at ¶3.)

Defendant Kitchen Winners NY Inc. ("Kitchen Winners") is a New York corporation with its principal place of business located in Brooklyn, New York.  (Amended Complaint at ¶4.)

## B. <u>THE PRIOR LITIGATION</u>

Rock Fintek, Kitchen Winners, and Adorama were party to a prior lawsuit captioned *Kitchen Winners NY Inc. v. Rock Fintek*, CA No. 22-cv-05276-PAE (the "Prior Action"). (Amended Complaint at ¶1.)  On or about February 29, 2025, the parties negotiated a proposed settlement of the action (the "Proposed Settlement").  (Amended Complaint at Exh. A.)  Under that proposal, Adorama was to pay Rock Fintek a total of $100,000.  Kitchen Winners had no payment obligations whatsoever. As Kitchen Winners stated at the time:

> Kitchen Winners agrees to the terms, understanding that under the settlement, the parties are each dismissing all of their claims against one another. Kitchen Winners will not be required to make any payments to Rock Fintek, nor will it receive any payments from Rock Fintek. All payments will solely be the responsibility of Adorama.

*Id*.  Counsel for Rock Fintek was to "draft the settlement papers."  *Id*.

While most of the terms were agreed upon, one key material term remained open: Rock Fintek's enforcement mechanism.

Rock Fintek initially proposed that "Adorama shall execute a confession of judgment in favor of Rock Fintek in the amount of $165,000, which counsel for Rock Fintek will hold in escrow pending the performance of Adorama's payment obligations."  *Id*.  Adorama rejected that proposal, instead suggesting asking "the court to retain jurisdiction to enforce the settlement."  *Id*.

Counsel for Rock Fintek, Phillip Rakhunov, then wrote to the Court, reporting that "the parties have reached a private confidential settlement in principle…" (Amended Complaint at Exh. B.)

Following a conference with the parties, at which counsel for Rock Fintek noted and discussed the open issue of enforcement (Doc. No. 12-3), the Court issued a 30 day order dated March 3, 2025 (the "30 Day Order"). That order indicated that the parties had "reached a settlement in principle" and initially dismissed the lawsuit "without prejudice to each party's right to reopen the action within 30 days of the date of this Order if the settlement is not consummated." The order further provided that "any application to reopen must be filed within 30 days of this Order; any application to reopen filed thereafter will be dismissed with prejudice."

Finally, the Court's order directed that "if the parties wish for the Court to retain jurisdiction for the purposes of enforcing any settlement agreement, they must submit the settlement agreement to the Court within the same 30-day period to be 'so ordered' by the Court."

On March 27, 2025 – just days before the Court's 30-day deadline – Mr. Rakhunov finally provided a draft settlement agreement. His email stated that his client had not yet approved the draft, but that he was "contemporaneously sending this to my client and therefore reserve the right to make further edits." (Doc. No. 12-2.) Mr. Rakhunov's draft did not ask the Court to retain jurisdiction, but instead included a new proposed enforcement mechanism that would allow Rock Fintek to file "an unopposed motion for summary judgment in lieu of a complaint pursuant to CPLR 3213 in New York Supreme Court" against Adorama. (Amended Complaint, Exh. C at ¶ 14.)

Mr. Rakhunov then followed up on April 3, 2025 – one day *after* the Court's deadline – to inquire whether counsel for Adorama and Kitchen Winners had any comments. (Doc. No. 12-2)

Counsel for Adorama responded the same day, stating that he "cannot accept your language about sj in lieu of complaint." Mr. Rakhunov responded "**Then we have a problem. Call me please.**" (*Id*. (Emphasis added).)

The following day, on April 4, 2025, counsel for Kitchen Winners raised specific issues with the language of the releases, the prevailing party provision, and the confidentiality and non-disparagement provisions. Mr. Rakhunov ignored those concerns, and instead simply responded: "**Frankly, my biggest concern is the enforcement provision as to Adorama.**" (*Id*. (Emphasis added).)

Since that time, Mr. Rakhunov has not provided any alternate enforcement procedures as to Adorama, and the parties have not entered into a signed written agreement. (Amended Complaint at ¶14-15.)

### C. THIS ACTION

On or about August 23, 2025, Rock Fintek commenced this action. Following objections to the original complaint by counsel for Kitchen Winners, Rock Fintek filed an amended complaint on or about September 4, 2025.

Rock Fintek's Amended Complaint asserts a single cause of action for breach of contract against Adorama, and a single cause of action for breach of contract against Kitchen Winners.

Pursuant to a court order dated October 22, 2025, Rock Fintek was to file any amended complaint by October 31, 2025. That time has now passed and this motion follows.

### ARGUMENT

### I. STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To meet this standard, a plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In ruling on a Rule 12(b)(6) motion, "the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted). Where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Although all well-pleaded factual allegations in the complaint are assumed true for purposes of a motion to dismiss, *see Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012), this principle is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Applying those principles here, the Court must dismiss Rock Fintek's cause of action against Kitchen Winners.

## II.  ROCK FINTEK FAILED TO ALLEGE THE ELEMENTS OF A BREACH OF CONTRACT CLAIM AS AGAINST KITCHEN WINNERS

Under New York law, a claim for breach of contract requires: (i) the existence of an enforceable agreement; (ii) adequate performance of the contract by the plaintiff; (iii) a breach of that agreement by the defendant; and (iv) damages resulting from the breach. *Demand Elec., Inc.*

*v. Innovative Tech. Holdings, LLC*, 20-CV-02127 (VF), 2023 U.S. Dist. LEXIS 55743, *8 (S.D.N.Y. March 30, 2023).

Here, Rock Fintek failed to allege most of the requisite elements: (1) there was no enforceable contract; (2) Kitchen Winners did not breach any of its obligations under the purported contract; and (3) Rock Fintek did not suffer any damages.

As such, Rock Fintek's claim for breach of contract must be dismissed as against Kitchen Winners.

### a. The Term Sheet Was Unenforceable Because There Were Material Terms That Were In Dispute

As an initial matter, Rock Fintek contradicts **itself** as to whether the Proposed Settlement Agreement is an enforceable contract.  On the one hand, Rock Fintek alleges that "[t]he settlement reached between the parties as set forth in Exhibit A is a valid and enforceable settlement agreement among Rock Fintek, Kitchen Winners, and Adorama." (Compl. at ¶ 26.)  On the other hand, Rock Fintek alleges that "Kitchen Winners breached the settlement agreement by failing to paper the settlement terms in a final agreement."  (Compl. at ¶ 29.)  If the Proposed Settlement Agreement is an "enforceable contract" it does not matter that Kitchen Winners allegedly "fail[ed] to paper the settlement terms in a final agreement."  Clearly, Rock Fintek recognizes that the Proposed Settlement Agreement is unenforceable.

In any event, regardless of Rock Fintek's contradictory position, the caselaw is clear that the Proposed Settlement Agreement is not an enforceable contract.

Under Second Circuit precedent, in assessing whether settlement negotiations are a binding settlement agreement, courts consider the following factors: (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been

agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing. *Winston v Mediafare Entertainment Corp.*, 777 F.2d 78, 80 (2d Cir. 1985); *see also Berris v Sung-Fung Choi*, No. 23-cv-4305 (AS), 2025 US Dist LEXIS 172741, at *19 (S.D.N.Y. Sep. 4, 2025).

Here, all four of the *Winston* factors militate against construing the Proposed Settlement Agreement as a binding contract.

### i)    The Parties Reserved their Rights

The first *Winston* factor weighs against finding that the Proposed Settlement Agreement was an enforceable contract.

Although the Proposed Settlement Agreement lacks an express reservation not to be bound before execution, "courts have found an intent not to be bound prior to execution where neither party expressly reserved such a right by looking to the language in the correspondence." *Cabrera Capital Mkts., LLC v Further Lane Sec., L.P.*, 12 Civ. 2898 (DAB), 2013 US Dist LEXIS 142608, at *13-14 (S.D.N.Y. Sep. 25, 2013).

Here, there are three independent indicia that the parties did not intend to be bound by their settlement negotiations and the related Proposed Settlement Agreement.

***First***, the Proposed Settlement Agreement conditions performance – *i.e.*, Adorama paying Rock Fintek – on the execution of a settlement agreement.  (Amended Complaint at Exh. A.) Specifically, all of Adorama's payments were to be made within a certain number of "business days of the execution of a settlement agreement."  Without an executed settlement agreement, there would be no triggering event for Adorama's payment obligations.  Likewise, the parties' term sheet explicitly stated that "[c]ounsel for Rock Fintek will draft the settlement papers."  (*Id.*)

Courts have routinely held that conditioning "performance on 'execution' of a written contract . . . for example, payment was to be made a specified number of days after the signing of an agreement" is proof that the parties expressly reserved their right not to be bound in the absence of a writing. *Johnson v Fordham Univ.*, 11 CV. 4670 (ALC) (MHD), 2015 US Dist LEXIS 175887, at *11 (S.D.N.Y. Sep. 24, 2015); *Cabrera Capital Mkts., LLC v Further Lane Sec., L.P.*, 2013 US Dist LEXIS 142608, at *15 (S.D.N.Y. Sep. 25, 2013) ("Additionally, the January Draft explicitly refers to execution"); *Spencer Trask Software & Info. Servs. LLC v Rpost Intl., Ltd.*, 383 F. Supp. 2d 428, 442 (S.D.N.Y. 2003) ("the agreements include a requirement that Spencer Trask make a payment of $ 200,000 'on execution'").

**Second**, the draft settlement agreement that Rock Fintek ultimately provided contained a merger provision, stating that "Except as expressly provided in this Agreement, all prior negotiations, representations, discussions, agreements, and understandings concerning this Agreement are superseded hereby and no oral statement or prior written material not specifically incorporated herein shall be of any force or effect." (Amended Complaint at Exh. C.) Courts have routinely held that such merger provisions show that the parties expressly reserved their right not to be bound in the absence of a writing. *See e.g., Ciaramella v Reader's Digest Assn.*, 131 F.3d 320, 324 (2d Cir. 1997) ("The presence of such a merger clause is persuasive evidence that the parties did not intend to be bound prior to the execution of a written agreement.").

**Third**, the provision in the draft settlement agreement providing that "No modification, amendment, alteration, revision, termination, change, or waiver of any provision of this Agreement shall be effective unless it is in writing and signed by all Parties and expressly refers to this paragraph" (Amended Complaint at Exh. C) is further proof that that the parties expressly reserved their right not to be bound in the absence of a writing. *Centrans Truck Lines, LLC v Orient Express*

*Container Co.*, No. 1:22-cv-05477 (MKV), 2023 US Dist LEXIS 146860, at *8 (S.D.N.Y. Aug. 21, 2023). ("The Settlement Agreement also provides that it may be modified only 'by a writing that has been approved by and signed by all the Parties.' SA § 10. This provision, too, indicates that the parties contemplated negotiation—and mutual agreement reduced to a writing—before being bound."); *see also Hallett v Stuart Dean Co.*, 481 F. Supp. 3d 294, 302 (S.D.N.Y. 2020).

Cumulatively, then, the parties clearly intended to reserve their rights not to be bound in the absence of a writing.  Accordingly, Rock Fintek's claims must be dismissed.

### ii)    There has not been Partial Performance

The second *Winston* factor also undercuts Rock Fintek's allegations.

As Rock Fintek acknowledges – indeed, that is why it is suing – the primary performance that the Proposed Settlement Agreement called for (a payment from Adorama to Rock Fintek in three installations) simply never occurred.  Adorama did not pay Rock Fintek a nickel.  And Rock Fintek, accordingly, seeks to collect the entire amount called for by the Proposed Settlement Agreement.  As such, it is plainly evident that none of the parties that negotiated the Proposed Settlement Agreement performed thereunder – even partially.

Nonetheless, Rock Fintek argues that "the parties have partially performed the settlement terms [by] allowing dismissal of the Settled Action, which was a material term of the settlement." (MOL at p. 7.)  However, as courts have recognized "litigants often stand down when a non-binding agreement in principle has been achieved so that they may avoid potentially unnecessary legal expenses and devote their resources to forging a resolution."  *Marett v Metro. Transp. Auth.*, No. 19-CV-5144 (GBD) (RWL), 2020 US Dist LEXIS 221867, at *21 (S.D.N.Y. Nov. 24, 2020).

For that reason, while some have found partial performance where both sides did not resume active litigation of the case, it is equally well established "that such 'partial performance'

can be counterbalanced by a lack of any performance of any of the terms of the settlement agreement, such as a payment of a settlement amount." *Sprint Communs. Co. L.P. v Jasco Trading, Inc.*, 5 F. Supp. 3d 323, 335-336 (E.D.N.Y. 2014) (collecting cases). As such, "this factor does not weigh for or against enforcing the contract." *Alvarez v City of NY*, 146 F. Supp. 2d 327, 336 (S.D.N.Y. 2001).

### iii)    There Remain Undecided Terms

The third Winston factor – whether there was anything left for the parties to negotiate – also proves that the parties did not intend to be bound by the Proposed Settlement Agreement.

The Second Circuit has held that "[t]his factor is satisfied if 'there was literally nothing left to negotiate.'" *Acun v Merrill Lynch Pierce Fenner & Smith, Inc.*, 852 F App'x 552, 555 (2d Cir. 2021) (quoting *Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 831 (2d Cir. 2019)).

It is axiomatic that even "minor" or "technical" changes arising from negotiations over the written language of an agreement can weigh against a conclusion that the parties intended to be bound absent a formal writing. *Powell v Omnicom*, 497 F.3d 124, 130 (2d Cir. 2007) (quoting *Winston*, 777 F.2d at 82-83).

Here, the extensive negotiations ***following*** the email containing the Proposed Settlement Agreement concerning the enforcement mechanism clearly proves that there was a very large "something" left to negotiate. Indeed, Rock Fintek proposed two different enforcement mechanisms after its initial proposal was rejected: the court retaining jurisdiction or Rock Fintek filing an uncontested motion for summary judgment in lieu of a complaint.

The fact that the parties continued making changes to the enforcement mechanism shows that material terms were still undecided and that the Proposed Settlement Agreement was not

intended to be binding. *See e.g., Rivera-Mora v Corcoran Group Real Estate*, No. 19-CV-06515 (AMD) (PK), 2021 US Dist LEXIS 267333, at *14-15 (E.D.N.Y. Jan. 25, 2021) ("the parties continued to make changes to the proposed settlement terms after Mr. Daaleman's June 4, 2018 email" "weighs heavily against a finding that the parties entered into a binding agreement via emails and letters"); *Mania v Coffeemania Bryant Park, LLC*, No. 5:15-CV-823 (FJS/DEP), 2017 US Dist LEXIS 124925, at *16 (N.D.N.Y. Aug. 8, 2017) ("The parties continued to make changes to the terms after the June 6, 2016 mediation session as the email comments and additional emails that the parties exchanged make clear.").

Rock Fintek's assertion that the enforcement mechanism was an "ancillary issue" (MOL at pp. 7, 9) is wrong both on the law and on the facts. Beginning with the law, the proper inquiry is whether "there was literally nothing left to negotiate,'" *Acun*, 852 F App'x at 555, and even minor and technical (and presumably "ancillary") issues can "weigh against a conclusion that the parties intended to be bound absent a formal writing." *Powell*, 497 F.3d at 130. As such, even crediting Rock Fintek's self-serving characterization of the issue as "ancillary," the Proposed Settlement Agreement is unenforceable.

However, the facts indisputably refute rock Fintek's framing of the issue. Far from being ancillary, Rock Fintek itself characterized the issue as "**a problem**" and its "**biggest concern**." So big, in fact, that Rock Fintek refused to address any other issues in its draft agreement before that issue was resolved. As such, Rock Fintek's assertion that this issue was ancillary, is belied by the record. The enforcement mechanism issue was a central issue – one which was never resolved.

Finally, even "if the Court finds substantial ambiguity regarding whether both parties have mutually assented to all material terms . . . then the Court can neither find, nor enforce, a contract." *De Paz v Experian Info. Solutions, Inc.*, No. 25-cv-2180 (JGK), 2025 US Dist LEXIS 188335, at

12

*10 (S.D.N.Y. Sep. 19, 2025); *see also Barbarian Rugby World, Inc. v PLR USA Holdings, Inc.*, 06 Civ. 2652 (JGK) (DF), 2008 US Dist LEXIS 125131, at *11-12 (S.D.N.Y. Nov. 18, 2008) ("the Court cannot enforce a settlement agreement where the moving party has failed to show the unambiguous assent by both parties to all of the agreement's material terms.").

### iv)    The Agreement is the Type that is Usually Committed to Writing

Like the other *Winston* factors, the fourth factor also works against Rock Fintek.

"An agreement need not concern millions of dollars or span many pages to be complex; what matters is that the parties find sufficient complexity in their negotiations to warrant memorializing their agreement in writing." *Meltzer v Stier*, 15 Civ. 6184 (KPF), 2017 US Dist LEXIS 182016, at *21-22 (S.D.N.Y. Nov. 2, 2017) (quoting *Winston*, 777 F.2d at 83.)

Under the various factors that courts consider in evaluating whether an agreement is of the type usually reduced to writing, the Proposed Settlement Agreement is clearly one that should have been reduced to writing. In *Bluelink Mktg. LLC v Carney*, No. 16-CV-7151 (JLC), 2017 US Dist LEXIS 149890, at *21 (S.D.N.Y. Sep. 15, 2017), the court held "[t]he agreement in this case is complex in that it requires Carney to make installment payments to Plaintiffs." Here, the Proposed Settlement Agreement called for payments in installments. In *LiDestri Foods, Inc. v 7-Eleven, Inc.*, No. 17-CV-6146-FPG, 2019 US Dist LEXIS 216164, at *22 (W.D.N.Y. Dec. 16, 2019), the court held that "multiple drafts of a written agreement are a sign of complexity." Here, the parties negotiated back and forth with three different proposals. In *Mitchell v PepsiCo*, No. 23-CV-445 (JLS) (MJR), 2025 US Dist LEXIS 1079, at *10-11 (W.D.N.Y. Jan. 2, 2025), the Court held that whether a settlement agreement contains provisions that apply in perpetuity may help determine whether the agreement should be reduced to writing. Here, the Proposed Settlement Agreement provided for mutual releases that would last into perpetuity.

Clearly the Proposed Settlement Agreement was intended to be reduced to a formal written document, as further evidenced by the settlement agreement that Rock Fintek finally got around to drafting.  The email negotiations were never intended to be a binding contract.

As such, this Court should dismiss Rock Fintek's claims against Kitchen Winners in their entirety.

### b.  Kitchen Winners Did Not Breach the Purported Settlement Agreement

Even if the Proposed Settlement Agreement was an enforceable contract (it is not), Rock Fintek's allegations still must be dismissed because Kitchen Winners did not breach any  term of the Proposed Settlement Agreement.

*First*, Rock Fintek does not identify a single provision of the Proposed Settlement Agreement that Kitchen Winners supposedly breached.  That failure itself provides a sufficient basis for dismissal as it is well established that to plead the requisite elements of a breach of contract claim, a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue.  *Shtofmakher v David*, 14 Civ. 6934 (AT), 2015 US Dist LEXIS 117209, at *21-24 (S.D.N.Y. Aug. 17, 2015); *see also Ally Fin. Inc. v Comfort Auto Group NY LLC*, No. 20-CV-1281 (MKB), 2021 US Dist LEXIS 167940, at *12 (E.D.N.Y. Sep. 3, 2021) (collecting cases).  In any event, the Proposed Settlement Agreement did not – as Rock Fintek falsely alleges – require Kitchen Winners to "paper the settlement terms in a final agreement."

*Second*, there is no way that Rock Fintek *could* have a breach of contract claim against Kitchen Winners based upon its own allegations.  The gravamen of Rock Fintek's complaint is that Kitchen Winners breached by failing to "paper the settlement terms in a final agreement."  But there is simply no import to that argument.  If the settlement term sheet is a binding contract, then the parties already have an enforceable agreement against one another.  If the settlement term sheet

14

is not a binding contract, then there was no contract for Kitchen Winners to breach.  Either way, Kitchen Winners did not breach anything.

*Third*, a cursory review of the facts gives lie to the allegation that Kitchen Winners breached.  Even if Kitchen Winners *did* have some kind of obligation to "paper the settlement," it certainly did not breach that obligation either.  In point of fact, counsel for Kitchen Winners sent counsel for Rock Fintek specific comments on his draft written agreement within just a few days of receipt.  To this date, counsel for Rock Fintek never responded to **any** of those comments. Kitchen Winners certainly had no obligation to sign the agreement in the form proposed by Rock Fintek – particularly as it did not even accurately reflect the terms that the parties had previously been discussing.

The only terms that even arguably imposed an obligation upon Kitchen Winners (assuming it is an enforceable contract) are the provisions for mutual general releases, standard mutual confidentiality, and non-disparagement.  Yet Rock Fintek does not allege that Kitchen Winners breached any of those provisions.  There are no allegations that Kitchen Winners has sued Rock Fintek for any released claims, that Kitchen Winners disclosed any of the terms of the Proposed Settlement Agreement, or that Kitchen Winners disparaged Rock Fintek.

In short, Kitchen Winners did not breach any of its (nonexistent) obligations under the Proposed Settlement Agreement.  Rock Fintek's cause of action for breach of contract must be dismissed.

### c.  Rock Fintek Did Not Suffer Any Damages

Finally, even if the Proposed Settlement Agreement was an enforceable contract (it is not) and even if Kitchen Winners breached its obligations thereunder (it did not), Rock Fintek's allegations still must be dismissed because it did not suffer any damages.

It is black letter law that damages are an essential element of a cause of action sounding in breach of contract – the absence of which defeats any breach of contact allegation. *See e.g., Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (damages is an element of a breach of contract claim).

Here, Rock Fintek failed to allege that it was damaged by any purported breach by Kitchen Winners. Rock Fintek simply omits any reference to damages. Rock Fintek's omission was not a scrivener's error. In its allegations against Adorama Inc., Rock Fintek alleges that "Adorama's breaches of the settlement agreement have directly and proximately caused significant damages to Rock Fintek . . ." (Compl. at 23.) Yet against Kitchen Winners, Rock Fintek did not – and cannot – allege any damages.

Moreover, if Rock Fintek would have alleged damages, such an allegation would have been utterly baseless. Kitchen Winners did not owe Rock Fintek any money under the Proposed Settlement Agreement. And Rock Fintek did not allege that Kitchen Winners somehow breached the mutual general release, the mutual confidentiality, or the non-disparagement provisions.

As such, Rock Fintek simply did not suffer any damages, and its claims must be dismissed.

## **<u>CONCLUSION</u>**

For all of the above-mentioned reasons, Kitchen Winners NY Inc. respectfully requests that the Court grant its motion to dismiss and dismiss all of Rock Fintek's claims against it.

Dated: Kew Gardens, New York
      November 3, 2025

**LIPSIUS-BENHAIM LAW LLP**
*Attorneys for Defendant Kitchen Winners NY Inc.*


By: _____
Alexander J. Sperber
Yisroel Steinberg
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
asperber@lipsiuslaw.com
ysteinberg@lipsiuslaw.com