**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROCK FINTEK LLC, *Plaintiff,* vs. ADORAMA INC., and KITCHEN WINNERS NY INC, *Defendants*. | Civil Action No. 1:25-cv-06986-PAE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ROCK FINTEK'S AMENDED COMPLAINT**

        THE LAW OFFICE OF AVRAM E. FRISCH LLC

        Avram E. Frisch, Esq.
        1 University Plaza, Suite 119
        Hackensack, NJ 07601
        201-289-5352
        frischa@avifrischlaw.com
        *Attorneys for Defendant, Adorama, Inc.*

**PRELIMINARY STATEMENT**

Plaintiff is attempting to rewrite history on the settlement in principle that undeniably was reached, but attempts to ignore the fact that it was the Plaintiff who refused to agree to any acceptable term for the enforcement of the agreement, never prepared an acceptable agreement, and waited until the end of the 30 day period provided by the Court to even propose an agreement. Nothing in the opposition changes the essential facts or the law, that no binding settlement agreement was reached. In addition, Adorama adopts all arguments made by Kitchen Winners in its motion to dismiss by reference in support of the motion and as additional law in support of the conclusion that the agreement was never finalized.

**FACTS**

The additional email communication between counsel are not properly part of the motion record, as this is a motion to dismiss, and there is no doubt that the email attached is subsequent to the negotiations of the settlement. In any event, if the Court does consider it, the email does not state that no court is without jurisdiction to consider an action to enforce the "agreement." It was pointing out that Mr. Rakhunov declined to permit the Court to retain jurisdiction because he wanted the agreement to be confidential, and as such, the Court had no jurisdiction to enforce the agreement by motion in the original action.

Mr. Rakhunov does not add any facts that can change the basic fact that the agreement was not finalized because of a dispute over the enforcement mechanism, which he was unwilling to waive at any time. This issue was of primary concern to him from the original date of the negotiation of the settlement in principal and remained a concern when he called it a "big problem." While he now claims that he had waived this issue, this is simply false, and it never occurred. Mr. Rakhunov and I discussed numerous approaches to deal with this issue prior to the

1

conference with the Court, but the mechanism he ultimately proposed was not ever discussed and was entirely unacceptable.

## **ARGUMENT**

### A.  NO AGREEMENT WAS REACHED

Rather than analyze any factor that would justify the assertion that an agreement was reached, Plaintiff simply attempts to combine portions of emails and conversations to negate the basic facts of the situation.  The reality is that the Plaintiff did not obtain agreement on a settlement mechanism, only that there would be a penalty for nonpayment that would increase the total payment to $165,000.  Had the Plaintiff timely proposed an agreement with those terms, it would have been paid already, and there would be no further dispute.  Yet, in a situation of counsel's own making, the agreement was not even proposed until at least 25 days after the Court's 30 day order was issued.  It was subject to Plaintiff's approval, and contained an enforcement mechanism that was similar to the rejected confession of judgment.

Adorama agreed to work on a mechanism for enforcement that would not require a lawsuit, which was the issue that Mr. Rakhunov was ironically most interested in avoiding.  Adorama had strongly urged that the Court be asked to retain jurisdiction, and it was Plaintiff that rejected the proposal upon learning that would prevent the agreement from being kept confidential.  Adorama had no concern about confidentiality, but was awaiting other proposals, but there was simply no agreement.

Counsel argues that "Stipulations of settlement … will not lightly be set aside."  Pl. Br. At p.4 citing *St. Louis v. CAP COM Fed. Credit Union*, 231 A.D.3d 1383, 1384 (3d Dep't 2024).  Yet, Plaintiff cannot assert that the parties have executed a stipulation of settlement, which in

2

New York courts are a written settlement agreement executed by counsel. CPLR §2104. The emails between the parties clearly contemplated a formal settlement agreement in writing, and the parties indicated as such before the Court as well.

The preference for settlements cannot defeat the fact that there simply was no agreement here. Plaintiff cannot now state that a term that was clearly material to its own considerations is not material because it has realized that its own behavior led to the case being dismissed with prejudice. The issue here is not that the terms were included in an email, which Adorama acknowledges can be binding, but that simply the parties contemplated a written agreement and not all material terms had been agreed upon. Plaintiff refused to agree to a settlement without a mechanism for rapid enforcement of the payment obligations, but the parties never reached agreement on the mechanism, as both parties rejected the proposals. Adorama has a corporate policy not to execute confessions of judgment or any mechanism that allows entry of judgment without the ability to contest in litigation, and Plaintiff wanted this precisely.

Attempting to state that the failure to agree on an enforcement mechanism changes the fact that the parties considered it an open issue is simply an attempt to mislead. There is no doubt that the parties were expecting to reach agreement on this point, not that it was to be omitted from the agreement entirely. Had this been the case, then Plaintiff was free to propose such a written agreement and notably did not do so.

Notably, Rock Fintek could not even establish when the payments are due, as they were tied to the date of execution of a formal agreement. The notion that it is not only entitled to enforce the agreement, but is somehow entitled to the penalty boggles the mind.

Dated: Hackensack, NJ
       November 3, 2025

THE LAW OFFICE OF AVRAM E. FRISCH LLC

/s/ Avram E. Frisch
Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
*Attorneys for Defendant, Adorama, Inc.*

4