
**PSD**
NEW YORK   BOSTON
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
48 Wall Street, 31st Floor New York, NY 10005
617-439-9800
prakhunov@psdfirm.com

November 5, 2025

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Rock Fintek LLC v. Adorama, Inc.*, Case No. 25-cv-6986-PAE

**Request to File Summary Judgment Motion**

Dear Judge Engelmayer:

Pursuant to Paragraph 3(H) of Your Honor's individual practices, Rock Fintek LLC respectfully submits this letter in anticipation of filing an early summary judgment motion on its claim to enforce the settlement reached in a prior action in this Court styled as: *Kitchen Winners NY Inc. v. Rock Fintek*, Civil Action No. 22-cv-05276-PAE (the "Settled Action"), and to request that the upcoming November 18, 2025 initial pretrial conference serve as a pre-motion conference. The bases for Rock Fintek's anticipated motion are outlined as follows:

The documents and communications related to the negotiations and agreements reached by the parties in connection with settlement efforts are already in the record before the Court. As those undisputed materials demonstrate, by February 28, 2025, after extensive settlement efforts, including an in-person settlement conference before this Court, the parties reached a settlement agreement in the Settled Action, which was modified through subsequent communications and memorialized in emails on March 3, 2025. In particular, the parties agreed to resolve the Settled Action on the following material and undisputed terms:

- Adorama shall pay $100,000 to Rock Fintek by wire transfer ($50,000 within three business days of the execution of a settlement agreement; $25,000 within thirty calendar days after the first payment; and $25,000 within thirty calendar days after the second payment).
- If Adorama defaults on its payment obligations and fails to cure such default within seven calendar days of email notice of the default, Rock Fintek shall be entitled to a default payment of $165,000, set off only by any settlement payments already made.
- Mutual general releases.
- Standard mutual confidentiality and non-disparagement provisions.
- Dismissal of all claims between the parties with prejudice.
- No financial payments between Kitchen Winners and Rock Fintek, which payments

will solely be the responsibility of Adorama.
- No specific enforcement mechanism.

In response to emails reflecting these terms, counsel for Adorama responded that "we have a deal" and "[m]y client agrees to enforcement of *the settlement agreement*, but will not execute a confession of judgment (emphasis added)," and the parties then reported the case as settled. At no point in time did any party state any reservation of rights not to be bound by the settlement until the parties signed a written document memorializing their emailed settlement agreement, and no party conditioned performance on preparing a formal agreement. Indeed, the parties have partially performed the settlement terms, allowing dismissal of the Settled Action, which was a material term of the settlement.

The issue of specific enforcement mechanisms, including whether the Court would retain jurisdiction over the Settled Action (which would have required putting confidential terms into the public record at a time when Rock Fintek was still facing potential exposure from third parties) was not a material issue and not one that the parties quibbled over. Rather it was an ancillary issue that did not affect the actual deal terms. When Adorama said no to a confession of judgment, Rock Fintek was satisfied with not having a confession of judgment and never again sought to negotiate one. That Rock Fintek sought to include a different type of an enforcement mechanism into a draft formal agreement that it circulated and Adorama did not agree to that mechanism does not in any way modify or nullify the settlement reached between the parties, or its material terms. After all, this very action is an enforcement mechanism. Instead, Rock Fintek, Adorama and Kitchen Winners allowed the Settled Action to be dismissed, thereby performing one of their mutual obligations under the settlement terms.

Under New York law, "stipulations of settlement are judicially favored, will not lightly be set aside, and are to be enforced with rigor and without a searching examination into their substance as long as they are clear, final and the product of mutual accord. *St. Louis v. CAP COM Fed. Credit Union*, 231 A.D.3d 1383, 1384 (3d Dep't 2024) (internal quotation marks and citations omitted). Writings between parties to an action or proceeding that discuss the possibility of settlement will be considered to constitute a binding agreement if the settlement agreement was adequately described in such writings, namely, the agreement was clear, the product of mutual accord and contained all material terms. *CAP COM Fed. Credit Union*, 231 A.D.3d at 1384-85. In this Circuit, an agreement that addresses all negotiated terms is enforceable even if it is oral, written in an email, and/or even if it contemplates a subsequent written memorialization of its terms in a fully executed document. *See Estate of Brannon v. City of New York*, No. 14-cv-2849 (AJN) (SN), 2015 WL 13746664, at *5 (S.D.N.Y. Oct. 19, 2015) ("The fact that the exchange occurred by email does not weaken the enforceability of the agreement."). The "mere fact that the parties contemplate memorializing their agreement in a formal document does not prevent their informal agreement from taking effect prior to that event." *V'Soske v. Barwick*, 404 F.2d 495, 499 (2d Cir. 1968).

New York courts routinely enforce and find similar binding settlement agreements reached by email. *See Burrell v. Bizzoco*, 71 Misc. 3d 1232(A), 146 N.Y.S.3d 920 (N.Y. Sup. Ct. 2021) (finding enforceable agreement in email exchange where counsel, in response to an email about resolving the case for a certain dollar amount, wrote that they spoke to the client and "[i]f we can

wrap this up today, I can meet in the middle at $20k" and later, on receiving an email referencing a "General Release ... reflecting the $20,000 settlement[,]" responded, in part, "will turn this around quickly."); *Herz v. Transamerica Life Ins. Co.*, 172 A.D.3d 1336, 1338 (2d Dep't 2019) (collecting cases and finding an enforceable agreement where "emails were subscribed by counsel, set forth the material terms of the agreement—the acceptance by the plaintiff's counsel of an offer in the sum of $12,500 to settle the case in exchange for a release in favor of Transamerica—and contained an expression of mutual assent"); *Nash v. Walker Mem'l Baptist Church, Inc.*, 75 Misc. 3d 1213(A), 168 N.Y.S.3d 678 (N.Y. Sup. Ct. 2022) (granting motion to enforce settlement where plaintiff "established prima facie that the parties had an enforceable settlement agreement by submitting an email from Walker's counsel agreeing to the settlement"); *Brigante v von Ballmoos*, 83 Misc 3d 1287(A) (N.Y. Sup, Ct. 2024) (finding settlement agreement set forth in email exchanges enforceable). As the *Herz* court explained, where the "settlement was not conditioned on any further occurrence, such as the formal execution of the release and settlement ... plaintiff's subsequent refusal to execute the release did not invalidate the agreement." *Herz*, 172 A.D.3d at 1338.

Accordingly, Rock Fintek respectfully requests that the Court conduct a pre-motion conference to permit the filing of this motion for summary judgment.

Respectfully submitted,

*/s/Phillip Rakhunov*
Phillip Rakhunov

cc:   All counsel (via ECF)


The Court has received plaintiff's pre-motion letter. Per the Court's Individual Rules, the other parties are directed to respond by November 12, 2025.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Date: November 6, 2025
New York, New York