Hon. Paul A. Engelmayer, U.S.D.J.
November 11, 2025

**ALEXANDER SPERBER**
DIRECT LINE: 212-981-8449
EMAIL: asperber@lipsiuslaw.com

November 11, 2025

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

           Re:    *Rock Fintek LLC v. Adorama Inc. et al*
                   Case No. 25-cv-06986-PAE
                   <u>Our File No: 5529.0002</u>

Dear Judge Englemayer:

       This firm represents Kitchen Winners NY Inc. ("Kitchen Winners"). Kitchen Winners respectfully submits this letter, in accordance with Rule (3)(H) of the Court's Individual Rules and Practices, to request that the Court deny Rock Fintek LLC's ("Rock Fintek") request for leave to file a motion for summary judgment.

       Rock Fintek's request is premature. Neither of the defendants in this action have yet answered the complaint. In fact, both defendants have pending motions to dismiss this action, and Rock Fintek itself still may have time to amend its pleadings. Further, Rock Fintek has not explained what purpose a motion for summary judgment would serve at this point. It has not identified *any* evidence that it would submit in connection with such a motion, that is not already before the Court on the pending motions to dismiss. Rock Fintek's own letter suggests that (a) the only issue in this lawsuit is whether the parties had a binding agreement (the "Proposed Settlement Agreement"), and (b) the only question of fact in that determination is whether the parties considered the specific enforcement mechanisms in their Proposed Settlement Agreement to be a "material issue." (Rock Fintek letter at p. 2.) Yet Rock Fintek is wrong on both fronts.

       Rock Fintek's only cause of action against Kitchen Winners is for breach of contract. To establish that claim, it must prove not only the existence of a binding contract, but also breach and damages. As Kitchen Winners argued in its pending motion to dismiss, however, Rock Fintek's own Amended Complaint has not (a) identified a single provision of the purported contract that Kitchen Winners is alleged to have breached; and (b) identified any damages that it has suffered. Rock Fintek's pre-motion letter does no better. It fails to address either of those elements.

       Kitchen Winners did not owe any money under the terms of the settlement that Rock Fintek seeks to enforce. Rock Fintek does not allege that Kitchen Winners breached any of the other provisions of the Proposed Settlement Agreement. Further, Rock Fintek did not suffer any damages. It did not even allege any damages. Thus, even if Rock Fintek *could* establish the existence of a binding contract, its proposed motion against Kitchen Winners would still fail.

Even limited to the question of whether the parties had a binding contract, Rock Fintek's proposed motion would be premature. Rock Fintek seems to believe that the only relevant question is whether the parties considered the specific enforcement mechanisms in their Proposed Settlement Agreement to be a "material issue." If that is the case, then – as no discovery has been conducted in this action – it appears that the only additional evidence the parties would submit beyond what is already before the Court would be competing self-serving affidavits that would only highlight the exact factual issue Rock Fintek is identifying. A motion for summary judgment would only make sense after the parties had an opportunity to depose one another and question those self-serving assertions.

### The Parties Did Not Have a Binding Contract

In any event, the parties had no binding contract. In assessing whether settlement negotiations constitute a binding settlement agreement, courts consider the following factors: (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing. *Winston v Mediafare Entertainment Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). Here, <u>all</u> of those factors work against Rock Fintek.

   1. **The First *Winston* Factor**

Here, there are multiple independent indicia that the parties did not intend to be bound by their settlement negotiations. ***First***, the Proposed Settlement Agreement provides that all of Adorama's payments were to be made within a certain number of "business days of the execution of a settlement agreement." Without an executed settlement agreement, there would be no triggering event for those payments. *See Johnson v Fordham Univ.*, 11 CV. 4670 (ALC) (MHD), 2015 US Dist LEXIS 175887, at *11 (S.D.N.Y. Sep. 24, 2015) (finding no binding agreement in analogous circumstances). Likewise, the parties' term sheet explicitly stated that "[c]ounsel for Rock Fintek will draft the settlement papers."

***Second***, the draft agreement ultimately circulated by Rock Fintek contained both a merger provision and a no-modification provision. These too are indicia that the parties did not intend to be bound in the absence of a writing. *See Ciaramella v Reader's Digest Assn.*, 131 F.3d 320, 324 (2d Cir. 1997); *Centrans Truck Lines, LLC v Orient Express Container Co.*, No. 1:22-cv-05477 (MKV), 2023 US Dist LEXIS 146860, at *8 (S.D.N.Y. Aug. 21, 2023).

   2. **The Second *Winston* Factor**

The only partial performance that Rock Fintek relies upon is dismissal of the prior action. "[S]uch 'partial performance' can be counterbalanced by a lack of any performance of any of the terms of the settlement agreement, such as a payment of a settlement amount." *Sprint Communs. Co. L.P. v Jasco Trading, Inc.*, 5 F. Supp. 3d 323, 335-336 (E.D.N.Y. 2014) (collecting cases).

   3. **The Third *Winston* Factor**

The parties' continued negotiations *following* the email containing the Proposed Settlement Agreement clearly shows that there was a very large "something" left to negotiate. *Rivera-Mora v Corcoran Group Real Estate*, No. 19-CV-06515 (AMD) (PK), 2021 US Dist LEXIS 267333, at *14-15 (E.D.N.Y. Jan. 25, 2021) (that the parties continued to make changes to the proposed settlement terms "weighs heavily against a finding that the parties entered into a binding agreement via emails and letters"). Indeed, far from being ancillary, Rock Fintek itself characterized the unresolved enforcement mechanism as "**a problem**" and its "**biggest concern**." So big, in fact, that it refused to address any other issues before that issue was resolved.

In any event, even if it was an ancillary issue, the unresolved term would still preclude enforcement of the email negotiations. The proper inquiry under the third *Winston* factor is whether "there was literally nothing left to negotiate,'" *Acun v Merrill Lynch Pierce Fenner & Smith, Inc.*, 852 F App'x 552, 555 (2d Cir. 2021), and even minor and technical issues can "weigh against a conclusion that the parties intended to be bound absent a formal writing." *Powell v Omnicom*, 497 F.3d 124, 130 (2d Cir. 2007).

### 4. The Fourth *Winston* Factor

The Proposed Settlement Agreement is clearly of the type that is usually reduced to writing. *See Bluelink Mktg. LLC v Carney*, No. 16-CV-7151 (JLC), 2017 US Dist LEXIS 149890, at *21 (S.D.N.Y. Sep. 15, 2017) (agreements involving installment payments are typically reduced to writing); *LiDestri Foods, Inc. v 7-Eleven, Inc.*, No. 17-CV-6146-FPG, 2019 US Dist LEXIS 216164, at *22 (W.D.N.Y. Dec. 16, 2019) (finding that "multiple drafts of a written agreement" are a sign that the agreement is the type to be reduced to writing); *Mitchell v PepsiCo*, No. 23-CV-445 (JLS) (MJR), 2025 US Dist LEXIS 1079, at *10-11 (W.D.N.Y. Jan. 2, 2025) (terms that apply in perpetuity are typically reduced to writing).

### This Court Lacks Subject Matter Jurisdiction Over Rock Fintek's Claims Against Kitchen Winners

Finally, while Kitchen Winners did not raise the issue in its motion to dismiss, the vacuousness of Rock Fintek's pleadings underscores a more fundamental defect in its allegations against Kitchen Winners: there is no actual "case or controversy" within the meaning of Article III of the United States Constitution. Absent a demonstrable breach and a cognizable injury, Rock Fintek presents no live dispute for the Court to adjudicate.

Rock Fintek's complaint against Kitchen Winners must be dismissed and its request for leave to move for summary judgment should be denied. Authorizing summary judgment briefing at this point would serve no purpose other than to multiply motion practice before the pleadings and record are complete.

Respectfully submitted,<br>
LIPSIUS-BENHAIM LAW, LLP

Hon. Paul A. Engelmayer, U.S.D.J.
November 11, 2025

                                                                                               Alexander J. Sperber

cc: All counsel of record (via ECF)